Mirahmad FEROZ, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 92–70685.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 1994 *.

Decided April 19, 1994.

Amos Lawrence, San Francisco, CA, for petitioner.

Robert Kendall, Jr., Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.

Opinion by Judge HUG.

HUG, Circuit Judge:

## I. BACKGROUND

Mirahmad Feroz ("Feroz") is a native and citizen of Afghanistan. He travelled to the United States in 1987 on a business visa, and was at that time arrested at the airport in New York City by United States Customs Service officials, upon their discovery of heroin in his briefcase. Feroz was convicted on

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir. R. 34–4.

charges of importation of heroin and sentenced to four years in prison.

The Immigration and Naturalization Service ("INS") initiated deportation proceedings against Feroz by issuing an Order to Show Cause on January 11, 1988. INS charged Feroz with being deportable under 8 U.S.C. §§ 1251(a)(11) for importation of heroin. At his hearing before the immigration judge, Feroz conceded deportability, and requested permission to apply for political asylum under 8 U.S.C. § 1158(a),[1] and withholding of deportation under 8 U.S.C. § 1253(h)(1).[2]

The immigration judge found that Feroz's conviction for heroin importation rendered him ineligible for both asylum and withholding of deportation, and ordered Feroz deported to Afghanistan. Feroz appealed the decision to the Board of Immigration Appeals ("BIA").

In September of 1992, the BIA dismissed Feroz's appeal, ruling that Feroz's conviction rendered him ineligible for asylum under 8 U.S.C. § 1158(d), which provides that "[a]n alien who has been convicted of an aggravated felony ... may not apply for or be granted asylum" under 8 U.S.C. § 1158(a) (1988 & Supp.1992). The BIA further ruled that Feroz was ineligible for withholding of deportation under 8 U.S.C. § 1253(h)(2)(B) (1988 & Supp.1992), which bars withholding of deportation relief to any alien who, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States."

Feroz now contends that the BIA erred in applying sections 1158(d) and 1253(h)(2)(B) retroactively to bar his applications for asylum and withholding of deportation. He further contends that the BIA erred in applying section 1253(h)(2)(B), by failing to make separate determinations that Feroz was convicted of a particularly serious crime *and* posed a danger to the community.

---

1. 8 U.S.C. § 1158(a) provides that the Attorney General may grant asylum to an otherwise deportable alien, upon a determination that the alien is a refugee within the meaning of the Act.

2. 8 U.S.C. § 1253(h)(1) provides that the Attorney General shall not deport any alien to a coun-

## II. DISCUSSION

### A. The Application for Asylum

Section 1158(d) renders aliens convicted of aggravated felonies ineligible for asylum under section 1158(a). The term "aggravated felony," as defined in the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 7342, 102 Stat. 4181, 4469–70 (1988), *as amended by* the Immigration Act of 1990, Pub.L. No. 101–649, § 501(a)(2), 104 Stat. 4978, 5048 (1990), includes "illicit trafficking in any controlled substance." Feroz concedes that he has been convicted of a crime involving narcotics trafficking.

■ No effective date is included in this definitional provision. Feroz contends that section 1158(d) should not apply to aggravated felony convictions, such as his, that were entered prior to the enactment of the Anti–Drug Abuse Act of 1988. Whether section 1158(d) should apply retroactively is a question that has yet to be resolved directly in this circuit. However, we believe that Congress has made clear its intentions in this regard.

In 1991, Congress amended the Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 4978 (1990) ("the Act"), by enacting the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub.L. 102–232, 105 Stat. 1733, 1751 (1991) ("Technical Amendments"). Among other things, the Technical Amendments specifically established the effective dates of the aggravated felony provisions of the Act.

For example, in *Arthurs v. INS*, 959 F.2d 142, 143 (9th Cir.1992), we considered a challenge to the BIA's retroactive application of 8 U.S.C. § 1105a(a)(3) (1988 & Supp.1992), which renders aggravated felons ineligible for an automatic stay of deportation. In the Technical Amendments, Congress has provided that the bar to automatic stays shall

---

try if the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion.

apply to aggravated felony convictions "entered before, on, or after" the date of enactment of the Act. Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub.L. No. 102–232, § 306(a)(11)(B), 105 Stat. 1733, 1751 (1991). Relying on this language, we concluded that "a party convicted of an aggravated felony is precluded from obtaining an automatic stay of deportation, regardless of the date of conviction." *Arthurs,* 959 F.2d at 143.

■ In the case of section 1158(d)'s bar to asylum, Congress likewise has provided that the provision shall apply "to convictions entered before, on, or after the date of enactment of [the Immigration Act of 1990]." Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub.L. No. 102–232, § 306(a)(13), 105 Stat. 1733, 1752 (1991). We therefore conclude, in accordance with *Arthurs,* that a party convicted of an aggravated felony is precluded from obtaining political asylum, regardless of the date of conviction. *See also Martins v. INS,* 972 F.2d 657, 660 (5th Cir.1992) (finding that Congress inserted the "before, on, or after" language into section 1158(d) in order to bar all aggravated felons from asylum, regardless of the dates of their convictions).

We hold that the BIA did not err in applying section 1158(d) retroactively to bar Feroz's application for asylum, based on his 1987 conviction on drug trafficking charges.

## B. The Application for Withholding of Deportation

Section 1253(h)(2)(B) renders ineligible for withholding of deportation any alien who, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." Congress amended section 1253(h)(2)(B) to provide that any alien convicted of an aggravated felony shall be considered to have committed a "particularly serious crime." Immigration Act of 1990, Pub.L. 101–649, § 515(a)(2), 104 Stat. 4978, 5053 (1990) (codified as amended at 8 U.S.C. § 1253(h)(2)(B) (Supp.1992)).

■ Congress has provided that section 1253(h)(2)(B) applies to convictions entered "before, on, or after the date of the enactment of [the Immigration Act of 1990]." Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub.L. No. 102–232, § 306(a)(13), 105 Stat. 1733, 1752 (1991). Therefore, the BIA did not err in applying section 1253(h)(2)(B) retroactively to bar Feroz's application for withholding of deportation, due to his 1987 drug trafficking conviction.

Feroz contends, however, that, even if section 1253(h)(2)(B) was properly applied retroactively, the BIA erred by failing to make a separate determination that Feroz was a "danger to the community," instead relying solely on its determination that Feroz had been convicted of a particularly serious crime. Whether section 1253(h)(2)(B) requires separate determinations that an alien has been convicted of a particular serious crime *and* constitutes a danger to the community is a question that has been answered in this circuit.

In *Ramirez–Ramos v. INS,* 814 F.2d 1394, 1397 (9th Cir.1987), we concluded that section 1253(h)(2)(B) did not require a separate determination of dangerousness. We held that the BIA need only make "the factual finding of conviction of a particularly serious crime to support the determination of danger to the community." *Id.* We reasoned that, had Congress intended to require separate determinations, "it would have written the section with two coordinate clauses joined by a conjunction, *e.g.,* 'the alien has been convicted by a final judgment of a particularly serious crime *and* constitutes a danger to the community of the United States.'" *Id.* (citations omitted). *See also Urbina–Mauricio v. INS,* 989 F.2d 1085, 1087 (9th Cir.1993) (finding that section 1253(h)(2)(B) does not require a separate determination that an alien poses a danger to the community).

We hold that the BIA did not err in concluding that Feroz was ineligible for relief under section 1253(h)(2)(B), upon its single determination that he had been convicted of a particularly serious crime.

## CONCLUSION

The BIA properly found that Feroz was ineligible for asylum and withholding of de-

portation, based on his conviction on charges of drug trafficking.

The order of the BIA is AFFIRMED.