45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John RALLI-ROJAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70603.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1994.
Decided Dec. 16, 1994.
 
 1
 Before: BOOCHEVER, NORRIS, and HALL, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 John Ralli-Rojas seeks review of the Board of Immigration Appeals' affirmance of the Immigration Judge's denial of his application for withholding of deportation. We deny the petition for review.
 
 
 4
 * Ralli-Rojas argues that the BIA erred in finding him statutorily ineligible for withholding of deportation under 8 U.S.C. Sec. 1253(h) (1988 & Supp. V 1994). Sec. 1253(h)(2)(B) provides that an alien is ineligible for withholding of deportation if "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." While Ralli-Rojas concedes that he is deportable and has been convicted of a "particularly serious crime," he contends that the BIA erred as a matter of law in refusing to allow him to present evidence that he is nonetheless not a "danger to the community of the United States."
 
 
 5
 Ralli-Rojas' contention has been consistently rejected by this court. See, e.g., Urbina-Mauricio v. INS, 989 F.2d 1085, 1087 (9th Cir.1993); Ramirez-Ramos v. INS, 814 F.2d 1394, 1397 (9th Cir.1987). Sec. 1253(h) was amended by the Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 4978 (1990) ("IMMACT"), however, and Ralli-Rojas argues that these cases are no longer good law. That conclusion, however, is precluded by this court's decision in Feroz v. INS, 22 F.3d 225, 227 (9th Cir.1994), which reaffirmed Urbina-Mauricio and Ramirez-Ramos after the enactment of IMMACT.
 
 
 6
 The Feroz decision also precludes this panel from reinterpreting the statute in response to Ralli-Rojas' argument that our interpretation violates the United States' treaty obligations under the United Nations Protocol Relating to the Status of Refugees, Jan. 31, 1967, 19 U.S.T. 6223, T.I.A.S. No. 6577. Petitioner's Br. at 33-34. Without expressing a view on the merits of petitioner's argument, we note that only an en banc court has the power to overturn Feroz by reinterpreting the statute.
 
 II
 
 7
 Ralli-Rojas argues that his due process rights were violated because the BIA did not "articulate specific responses to the arguments raised by petitioner on appeal." Petitioner's Br. at 34. This argument is without merit.
 
 
 8
 The sole issue before the BIA was whether the IJ had erred, as a matter of law, in finding Ralli-Rojas statutorily ineligible for withholding of deportation. The BIA issued a two-page opinion affirming the IJ's interpretation of the law as consistent with binding precedent. In citing caselaw dispositive of Ralli-Rojas' legal argument, the BIA comported with the requirements of due process. The cases cited by Ralli-Rojas do not indicate otherwise. Both cases involved instances where the BIA failed to consider petitioners' proffered factual evidence. Rhoa-Zamora v. INS, 971 F.2d 26, 36 (7th Cir.1992) (BIA concluded petitioners had not established a well-founded fear of persecution without addressing the facts of their individual circumstances), cert. denied, 113 S.Ct. 2331 (1993); Mattis v. INS, 774 F.2d 965, 967-68 (9th Cir.1985) (BIA denied discretionary relief without addressing petitioner's evidence of hardship).
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3