45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Daniel Ashwadhaman NAIDOO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70452.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 16, 1994.
 
 Before: BOOCHEVER, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Naidoo appeals from a decision of the Board of Immigration Appeals ("BIA"), finding him statutorily ineligible for withholding of deportation under 8 U.S.C. Sec. 1253(h). Section 1253(h)(2)(B) provides that an alien who has been "convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States," and is ineligible for withholding of deportation. While Naidoo concedes deportability and further concedes that he has been convicted of a "particularly serious crime," he contends that the BIA erred as a matter of law by refusing to allow him to present evidence that he is nonetheless not a "danger to the community of the United States."
 
 
 3
 This same argument has been consistently rejected by this court. See, e.g., Urbina-Mauricio v. INS, 989 F.2d 1085 (9th Cir.1993); Ramirez-Ramos v. INS, 814 F.2d 1394 (9th Cir.1987). Section 1253(h) was amended by the Immigration Act of 1990 ("IMMACT"), however, and Naidoo argues that these cases are no longer good law. In particular, Naidoo urges us to find that our past interpretation of Sec. 1253(h)(2)(B) is no longer valid because it would place the United States in violation of its treaty obligations under the United Nations Protocol Relating to the Status of Refugees, Jan. 31, 1967, 19 U.S.T. 6223, T.I.A.S. No. 6577, and would contravene rules of statutory construction which discourage ascribing to Congress the intent to legislate in violation of treaty obligations absent a clear expression of intent.
 
 
 4
 At bottom, all such arguments relate to the question of how to interpret Sec. 1253(h)(2)(B). The statute's post-IMMACT interpretation, however, was settled by this court's decision in Feroz v. INS, 22 F.3d 225 (9th Cir.1994), which reaffirmed Urbina-Mauricio and Ramirez-Ramos after enactment of the 1990 amendments. We are therefore not free to revisit the issue. Naidoo's due process challenge is similarly without merit.
 
 
 5
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3