**Morgan Etop EKWERE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73082.
Agency No. A23–717–574.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Morgan Etop Ekwere, Florence, AZ, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Morgan Etop Ekwere, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1105a(a) and apply the transitional rules. *Kankamalage v. INS*, 335 F.3d 858, 861 (9th Cir.2003). We review for substantial evidence the BIA's factual findings underlying its determination that an alien is ineligible for asylum or withholding of deportation, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997), or protection under the CAT, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003). Whether an offense is an aggravated felony or a particularly serious crime under the immigration laws is a legal question subject to de novo review, but with deference to the BIA's interpretation of the statute. *Cazarez–Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir.2004); *Ramirez–Ramos v. INS*, 814 F.2d 1394, 1396 (9th Cir.1987). We deny the petition for review.

■ The record establishes that Ekwere was convicted of a drug trafficking felony in Arizona and served a four-year sentence. Substantial evidence therefore supports the BIA's conclusion that Ekwere was ineligible for asylum because he was convicted of an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B) and (U) (defining aggravated felony); 8 U.S.C. § 1158(a) and (d) (proscribing asylum to individuals convicted of an aggravated felony); *Feroz v. INS*, 22 F.3d 225, 227 (9th Cir.1994) ("We therefore conclude ... that a party convicted of an aggravated felony is precluded from obtaining political asylum.").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Similarly, substantial evidence supports the BIA's conclusion that Ekwere was ineligible for withholding of deportation. *See* 8 U.S.C. § 1101(a)(43)(B) and (U) (defining aggravated felony); 8 U.S.C. § 1253(h)(2) (1996) (proscribing withholding of deportation to individuals convicted of an aggravated felony); *Ramirez–Ramos*, 814 F.2d at 1397 ("There is no question that this circuit has ratified the BIA's consistent view that convictions for drug possession and trafficking are particularly serious within the meaning of section 243(h)(2)(B).").

■ Ekwere contends that he falls within an exception to the transitional rules for individuals sentenced to an aggregate term of less than five years. This contention fails because "it shall be presumed that an alien convicted of an aggravated felony has been convicted of a particularly serious crime." 8 C.F.R. § 1208.16(d)(3). Further, the Attorney General acted within his discretion when he determined that Ekwere committed a particularly serious crime despite the fact that the quantities of drugs and money involved were small and there was no use or threat of violence. The record establishes that Ekwere obtained illicit drugs for the undercover police officers and accepted money from them and therefore did not have "merely peripheral involvement ... in the criminal activity." *In Re Y–L–, A–G–, & R–S–R–*, 23 I. & N. Dec. 270, 276 (BIA 2002), disapproved on other grounds by *Zheng*, 332 F.3d at 1196.

■ Substantial evidence also supports the BIA's decision that Ekwere did not qualify for CAT relief because the evidence provided by Ekwere to the BIA "does not demonstrate it is more likely than not he would be tortured with the consent or acquiescence of a public official if he returns to [Nigeria]." *Cano–Merida v. INS*, 311 F.3d 960, 966 (9th Cir.2002). In his reply brief Ekwere contends that if he is deported to Nigeria he will receive an automatic prison term of five years pursuant to Decree 33 and will likely be tortured in prison. We do not consider this contention because he raised it for the first time in his reply brief, *see Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996), and did not exhaust it before the agency, *see Khourassany v. INS*, 208 F.3d 1096, 1099 (9th Cir.2000). We stay the mandate for ninety days from the date this disposition is filed to allow Ekwere the opportunity to file a motion to reopen with the BIA regarding Decree 33 and prison conditions in Nigeria. *See id.* at 1101.

Petitioner's remaining contentions are without merit.

PETITION FOR REVIEW DENIED; ISSUANCE OF MANDATE STAYED FOR NINETY DAYS.