**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FESTUS ANWULI, AKA Frank Udoka, | No.    18-72201 |
| Petitioner, | Agency No. A093-448-637 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2021[**]
San Francisco, California

Before: HAWKINS and MILLER, Circuit Judges, and MORRIS,[***] District
Judge.

Festus Anwuli seeks review of an order of the Board of Immigration

Appeals dismissing his appeal from an immigration judge's denial of his

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Brian M. Morris, United States District Judge for the
District of Montana, sitting by designation.

application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.     The Board did not abuse its discretion in determining that Anwuli was convicted of a particularly serious crime that rendered him ineligible for asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). Our review is limited to "whether 'the agency relied on the appropriate factors and proper evidence.'" *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)). Anwuli acknowledges that he was convicted of conspiracy to import approximately 200 grams of heroin and was sentenced to four years of imprisonment. We assume, as the Board did, that the conviction occurred in 1988.

For purposes of asylum, "an alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime" and is therefore ineligible for asylum. 8 U.S.C. § 1158(b)(2)(B)(i). Conspiring to commit "illicit trafficking in any controlled substance" is an aggravated felony. 8 U.S.C. § 1101(a)(43)(B), (U). Anwuli argues that his 1988 conviction predates the enactment of the aggravated-felony bar. But the aggravated-felony bar and related statutory definitions apply retroactively, regardless of the date of conviction. *INS v. St. Cyr*, 533 U.S. 289, 318–19 (2001); *Feroz v. INS*, 22 F.3d 225, 227 (9th Cir.

1994). Thus, Anwuli's 1988 conviction is an aggravated felony, rendering him ineligible for asylum.

For withholding of removal, an aggravated felony automatically constitutes a particularly serious crime if "the alien has been sentenced to an aggregate term of imprisonment of at least 5 years." 8 U.S.C. § 1231(b)(3)(B). Although Anwuli was sentenced to only four years of imprisonment, the Board acted within its discretion when it determined that he was convicted of a particularly serious crime "notwithstanding the length of sentence imposed." *Id.* In reaching this conclusion, the Board conducted a case-specific analysis under *Matter of Frentescu*, 18 I. & N. Dec. 244 (B.I.A. 1982). Because the Board "conduct[ed] its own review of the evidence and law," our review is limited to the Board's decision, so it is irrelevant whether the immigration judge may have incorrectly applied a presumption of seriousness, as Anwuli contends. *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019) (per curiam) (quoting *Zumel v. Lynch*, 803 F.3d 463, 471 (9th Cir. 2015)).

The Board did not err in applying *Frentescu*. First, Anwuli contends that the Board impermissibly engaged in factfinding. But "application of the *Frentescu* factors to the underlying facts is a legal conclusion and not a factfinding endeavor." *Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014). Here, the Board relied exclusively on the facts found by the immigration judge in conducting its analysis. Second, Anwuli contends that the Board failed to consider

3

his testimony that "he cooperated with law enforcement officials to help prosecute the primary culprits behind the drug smuggling offense and received a grant of voluntary departure." The Board expressly considered the length of Anwuli's sentence, and Anwuli testified that the sentencing judge considered his cooperation in determining the length of the sentence. The Board was not further required to discuss every factor that may have influenced Anwuli's sentence. *Cf. Frentescu*, 18 I. & N. Dec. at 247; *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021) (Board "need not discuss each piece of evidence" (quoting *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018))).

2. Substantial evidence supports the Board's denial of relief under the Convention Against Torture. Anwuli does not contest that he was not subjected to past torture, and he points to no evidence that the Board ignored in reaching its determination that Anwuli failed to demonstrate the requisite likelihood of future torture. Neither the country conditions evidence nor the unrelated killing of Anwuli's brother by Boko Haram, both of which the Board considered, compels a contrary conclusion. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITION DENIED.**