**Antonio URBINA–MAURICIO,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

**No. 91–70400.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 3, 1993.[*]

Decided March 26, 1993.

[*] The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Antonio Urbina–Mauricio, in pro. per.

Norah Ascoli Schwarz, U.S. Dept. of Justice, Civil Div., Washington, DC, for respondent.

Before WALLACE, Chief Judge, SNEED, and HALL, Circuit Judges.

SNEED, Circuit Judge:

Antonio Urbina–Mauricio (Urbina), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' dismissal of the Immigration Judge's denial of his application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(d) and 1253(h). We deny the petition.

## I.

### FACTS AND PRIOR PROCEEDINGS

Urbina entered the United States illegally in July, 1981. In November of 1986, he was convicted of the sale or transportation of marijuana and sentenced to three years of probation, the first ninety days of which were to be spent in jail. In December, 1988, Urbina was convicted of selling lysergic acid diethylamide (LSD). He was put on probation for a period of three years, including 180 days in jail. In July, 1989, however, Urbina was arrested for selling marijuana, and his probation was revoked. He was sentenced to two years in prison for the 1986 conviction and three years for the 1988 conviction, the terms to be served concurrently.

On October 22, 1990, the Immigration and Naturalization Service (INS) served Urbina with an Order to Show Cause why he should not be deported. The Order charged Urbina with deportability for having been convicted of an aggravated felony, having violated the laws regulating controlled substances, and for having entered the United States without inspection pursuant to sections 241(a)(4)(B), (a)(11), of the Immigration and Nationality Act (INA), 8 U.S.C. § 1251(a)(2). On November 14, 1990, Urbina filed an application for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the INA, 8 U.S.C. §§ 1158(a) and 1253(h).

An Immigration Judge (IJ) held a hearing on Urbina's petition for asylum and withholding of deportation on January 18, 1991. Urbina admitted all of the charges listed in the Order to Show Cause at that hearing. He admitted that he entered the United States illegally in 1981. He also

acknowledged both of his convictions for drug sales. In an apparent attempt to explain these convictions, Urbina told the IJ that he had only sold LSD once because there was no work and he needed to "do something to survive." Urbina also explained that he only sold marijuana "now and then, not all the time."[1] Based on the evidence, the IJ found Urbina deportable as charged. The IJ further found that Urbina was ineligible for asylum or withholding of deportation pursuant to 8 C.F.R. §§ 208.-16(c)(2)(ii), 208.14(c)(1). The IJ found Urbina's conviction for selling LSD "particularly serious" in light of Urbina's prior conviction for selling marijuana. As a result of Urbina's "drug activity" and in light of "his indiscriminate manner of sale" the IJ further found Urbina to be a "danger to the community." The IJ ordered Urbina deported to Uruguay for reasons explained in the Order to Show Cause. Should Uruguay refuse to accept him, the IJ ordered Urbina then deported to his native country of El Salvador.

Urbina appealed the IJ's decision to the Board of Immigration Appeals (BIA) on January 25, 1991. The BIA dismissed Urbina's appeal on June 5, 1991. The BIA found that Urbina's deportability had been established by "clear, unequivocal, and convincing evidence." The BIA further found that Urbina was ineligible for asylum or for withholding of deportation because he had been convicted of an aggravated felony within the meaning of section 101(a)(43) of the INA, inherently a particularly serious crime under section 243(h)(2)(B) of the INA and 8 C.F.R. § 208.16(c)(2)(ii).

## II.

### JURISDICTION AND STANDARD OF REVIEW

▇ The BIA had jurisdiction over the IJ's decision pursuant to 8 C.F.R.

1. As evidence that he only sold marijuana occasionally, Urbina noted that he had not sold marijuana for a long time. At the IJ's prodding, however, Urbina acknowledged that his incarceration since 1989 had left him unable to sell marijuana for a long time.

2. Section 208 was amended by § 515(a)(1) of the Immigration Act of 1990, Pub.L. No. 101-

§§ 3.1(b)(2) and 242.21. This panel has jurisdiction over a final decision of the BIA under 8 U.S.C. § 1105a(a). We review questions of law concerning the requirements of the Immigration and Nationality Act de novo, but with deference to the BIA's interpretation of the statute. *Ramirez–Ramos v. INS*, 814 F.2d 1394, 1396 (9th Cir.1987).

## III.

### DISCUSSION

A. *Ineligibility For Asylum and Withholding of Deportation*

Urbina contends the BIA erred by dismissing his appeal on the ground that he was not eligible for asylum or for withholding of deportation. He argues that he qualifies for asylum because he demonstrated a well-founded fear of persecution. He also argues that he is eligible for withholding of deportation because sale of a controlled substance does not constitute an aggravated felony.

▇ An application for asylum and withholding of deportation filed on or after October 1, 1990, will be denied if the alien petitioner, "having been convicted by a final judgment of a particularly serious crime in the United States, constitutes a danger to the community." 8 C.F.R. § 208.14(c)(1).[2] Once a court has determined that an alien has been convicted of a particularly serious crime, it need not make a separate finding that the alien constitutes a danger to the community; the latter follows naturally from the former. *Ramirez–Ramos*, 814 F.2d at 1397.

The Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 4978, 5053, amended section 243 of the INA to define certain crimes as inherently serious. Pursuant to the

649, 104 Stat. 4978, 5053, to bar an alien from seeking asylum if the alien has been convicted of an aggravated felony, whether or not he can show that he qualifies as a refugee under 101(a)(42) of the INA. That amendment did not become effective, however, until November 29, 1990. Thus, it does not apply to Urbina's application for asylum, filed on November 14, 1990.

1990 Act, an alien convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43) has committed a particularly serious crime. The 1990 Act amended the definition of aggravated felony in 8 U.S.C. § 1101(a)(43) to include "any illicit trafficking in any controlled substance." 104 Stat. at 5048, § 501(a)(2). The amendment was made effective "as if included in the enactment of section 7342 of the Anti–Drug Abuse Act of 1988" (ADAA) (enacted November 18, 1988). *Id.* § 501(b). This amendment effectively overruled our decision in *Beltran–Zavala v. INS*, 912 F.2d 1027 (9th Cir.1990).

■ Here, Urbina was twice convicted for selling drugs, once in 1986, and once in 1988. He is subject to the 1990 amendment to the Immigration Act because he did not submit his application for asylum until after October 1, 1990. Pursuant to that amendment, his convictions are "aggravated."[3] *See* 8 U.S.C. § 1101(a)(43). Urbina, then, was convicted of serious crimes, making him a danger to the community and barring him from consideration for asylum or for withholding of deportation.[4] The BIA, therefore, did not err by dismissing Urbina's appeal.[5]

### B. *Expeditious Deportation Proceedings*

Urbina contends in his petition that the Attorney General "did not proceed with

reasonable dispatch" in initiating deportation proceedings against him.

■ Section 242(i) of the INA, 8 U.S.C. § 1252(i), provides that the Attorney General shall commence deportation proceedings as expeditiously as possible once an alien has been convicted. Neither the legislative history nor the language of the statute suggests that Congress intended to create a private right of action for aliens under this statute. *Prieto v. Gluch*, 913 F.2d 1159, 1165–66 (6th Cir.1990), *cert. denied*, 498 U.S. 1092, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991); *Gonzalez v. INS*, 867 F.2d 1108, 1109–10 (8th Cir.1989). In fact, the legislative history of this statute indicates that Congress enacted it out of concern, not with the rights of aliens, but with prison overcrowding. *Prieto*, 913 F.2d at 1165–66.

Here, the Attorney General issued Urbina an Order to Show Cause approximately twenty-one months after his second drug conviction was handed down. Although Urbina argues that this was an undue delay, he does not claim that it prejudiced his case in any way. Because there is no indication of impropriety here, and because Urbina does not have a private right of action, this claim has no merit. *See id.*

---

**3.** Although the Ninth Circuit held that only convictions after November 18, 1988, the effective date of the ADAA, could be considered aggravated felonies, *see Ayala–Chavez v. INS*, 945 F.2d 288 (9th Cir.1991), Congress effectively overruled that decision when it passed the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub.L. No. 102-232 (December 12, 1991) amending the Immigration Act of 1990, Pub.L. No. 101–649 (November 29, 1990). These Amendments provided, among other things, that convictions before 1988 could also qualify as aggravated felonies. 105 Stat. at 1752, § 306(a)(13). These Amendments are effective as if they were part of the 1990 Immigration Act. Pub.L. No. 102–232, 105 Stat. at 1759, § 310.

**4.** It was not error to apply 1990 amendments to convictions obtained in earlier years. When the law is amended before an administrative agency hands down a decision, the agency must apply the new law. *See Ziffrin, Inc. v. United States*, 318 U.S. 73, 78, 63 S.Ct. 465, 468, 87 L.Ed. 621 (1943); *Talanoa v. INS*, 397 F.2d 196, 200 (9th Cir.1968).

In addition, the Ex Post Facto Clause has never applied to deportation hearings. *Galvan v. Press*, 347 U.S. 522, 531, 74 S.Ct. 737, 742–43, 98 L.Ed. 911 (1954).

**5.** Alternatively, Urbina argues that he is entitled to withholding of deportation under *Matter of Medrano*, Interim Decision 3138 (BIA 1990, 1991). This argument is frivolous. *Medrano* has no bearing on Urbina's case. The BIA in *Medrano* held that the INS was required to terminate an alien's lawful temporary residence status before it could begin deportation proceedings against him. Urbina is not, however, entitled to similar relief because there is no evidence to show that he ever obtained temporary legal residence in the United States. Although Urbina claimed he was a United States citizen on his Notice of Appeal to the BIA, there is absolutely no evidence to support this contention. Urbina admitted that he entered the United States illegally at the deportation hearing and he never presented any documentation to show that he had changed that status.

### C. *Collateral Attack on State Convictions*

In his petition to this Court, Urbina further challenges the state court proceedings that resulted in his felony convictions. Urbina alleges that he was denied effective assistance of counsel and that he was denied due process because the state did not provide him with an interpreter at trial.

A criminal conviction is final for the purposes of immigration review if the alien has exhausted or waived direct appellate review. *Hernandez–Almanza v. INS*, 547 F.2d 100, 103 (9th Cir.1976). In addition, a conviction cannot be collaterally attacked in a deportation proceeding. *Avila–Murrieta v. INS*, 762 F.2d 733, 736 (9th Cir.1985); *Ocon–Perez v. INS*, 550 F.2d 1153, 1154 (9th Cir.1977).

Urbina, therefore, may not collaterally attack the propriety of the two state trials which resulted in convictions. Nothing in the record indicates that he appealed those convictions, and they are final for purposes of immigration proceedings.

### D. *Addiction Acquired After Illegal Entry*

Finally, Urbina argues that the order deporting him violates his right to due process pursuant to 8 U.S.C. § 1251(a)(3) because that section creates what he describes as an "exception for defects not existing prior to entry."[6] Urbina contends that his drug addiction, which he allegedly acquired only after coming to the United States, is exactly the type of

**6.** Section 1251(a)(3) provides in pertinent part: "Any alien in the United States ... shall, upon the order of the Attorney General, be deported who ... hereafter, within five years after entry, becomes institutionalized at public expense because of mental disease, defect, or deficiency, unless the alien can show that such disease, defect, or deficiency did not exist prior to his admission to the United States...." It was amended in 1990 to hold deportable "any alien who, within five years after the date of entry, has become a public charge from causes not affirmatively shown to have arisen since entry...." 8 U.S.C. § 1251(a)(5).

**7.** Urbina urges that it is unfair to deport him in light of the length of his stay in the United States, the hardship his deportation will cause

defect covered by § 1251(a)(3). This argument is frivolous and we need not address it.[7]

### IV.

### *CONCLUSION*

The BIA properly dismissed Urbina's appeal. Because the BIA did not err in its interpretation of sections 101(a)(43) and 243(h)(2)(B) of the INA and 8 C.F.R. § 208.-16(c)(2)(ii), the petition for review is denied.

PETITION FOR REVIEW DENIED.

his family, the allegedly petty nature of his crimes, and because he is purportedly a drug addict rather than a drug dealer. These are emotional rather than legal arguments. *See LeTourneur v. INS*, 538 F.2d 1368, 1370 (9th Cir.1976), *cert. denied*, 429 U.S. 1044, 97 S.Ct. 748, 50 L.Ed.2d 757 (1977). None of these are valid arguments for withholding deportation.

As an aside to this argument, Urbina argues that deportation constitutes double jeopardy because it is a second punishment for a single crime. This Court has repeatedly held, however, that deportation is a civil action, not a criminal punishment. *See LeTourneur*, 538 F.2d at 1370; *see also INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984).