8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dang TRAN, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70399.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dang Tran, a native and citizen of Vietnam, appeals pro se the Board of Immigration Appeals' ("BIA") order dismissing Tran's appeal from the immigration judge's ("IJ") order finding Tran deportable and denying his request for a waiver of deportability. The BIA also denied Tran's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 * Tran contends the BIA erred by denying his applications for withholding of deportation and asylum on the ground Tran had been convicted of "particularly serious crimes" and was therefore a danger to the community. We review de novo the question of whether Tran's offenses constitute "particularly serious crimes" but with deference to the BIA's interpretation of the statute. Ramirez-Ramos v. INS, 814 F.2d 1394, 1396 (9th Cir.1987).
 
 
 4
 "An application for asylum and withholding of deportation filed on or after October 1, 1990, will be denied if the alien petitioner, 'having been convicted by a final judgment of a particularly serious crime in the United States, constitutes a danger to the community.' " Urbina-Mauricio v. INS, 989 F.2d 1085, 1087 (9th Cir.1993) (quoting 8 C.F.R. § 208.14(c)(1)); see also 8 C.F.R. § 208.16(c)(2)(ii). In judging the seriousness of a crime, the BIA considers "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." Matter of Frentescu, 18 I & N Dec. 244, 247 (1982); see also Beltran-Zavala v. INS, 912 F.2d 1027, 1031-32 (9th Cir.1990). In addition, "[c]rimes against persons are more likely to be categorized as 'particularly serious crimes.' " Frentescu, 18 I & N Dec. at 247.
 
 
 5
 Here, the BIA considered Tran's convictions of robbery in the first degree, the fact that Tran used a weapon and threatened the use of force against the victims of his crimes, and the fact that Tran received indeterminate sentences of 10 to 20 years. On this record, we agree with the BIA that Tran was convicted of "particularly serious offenses." See Matter of Carballe, 19 I & N Dec. 357, 360-61 (1986) (alien convicted of armed robbery).
 
 
 6
 Tran contends that even if his crimes were serious, it is impossible to judge whether he will be a danger to the community because the crimes occurred years ago. This contention lacks merit. Once it is determined that an alien has been convicted of a "particularly serious offense," the alien is deemed to be a danger to the community and the BIA need not make a separate determination of dangerousness. See Ramirez-Ramos, 814 F.2d at 1396-97 (stating that "it is reasonable for the BIA to interpret the statute as requiring only the factual finding of conviction of a particularly serious crime to support the determination of danger to the community").
 
 
 7
 Because Tran committed particularly serious offenses and is therefore a danger to the community, the BIA did not err by denying Tran's requests for asylum and withholding of deportation. See Urbina-Mauricio, 989 F.2d at 1087; 8 C.F.R. §§ 208.14(c)(1) & .16(c)(2)(ii).
 
 II
 
 8
 Tran contends that his rights to due process and equal protection were violated when the IJ refused to allow Tran's inmate legal assistant ("ILA") to represent him at his deportation hearing. This contention lacks merit.
 
 
 9
 Under the fifth amendment guaranty of due process, Tran was entitled to a full and fair deportation hearing. El Rescate Legal Servs. v. Executive Office of Immigration Review, 959 F.2d 742, 751 (9th Cir.1991); Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990). To prevail on his due process claim, Tran was required to show that he suffered prejudice as a result of any alleged procedural errors. El Rescate Legal Servs., 959 F.2d at 751; Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 10
 Tran had a right to be represented by counsel at his deportation hearing at no government expense. 8 U.S.C. § 1362; 8 C.F.R. § 292.1; Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 554 (9th Cir.1990). The BIA held that the IJ erred by not allowing the ILA to represent Tran but that Tran failed to show prejudice as a result of this error. We agree.
 
 
 11
 Tran claims that the ILA possessed evidence germane to Tran's fear of returning to Vietnam, his family ties, and his rehabilitation. Tran did not identify this evidence nor did he explain why he was unable to present this evidence himself. More important, Tran did not state how the BIA's decision on his application for a waiver of deportation would have been different had the ILA been allowed to appear. Because Tran failed to show prejudice resulting from the IJ's error, the BIA did not err by finding that error harmless. See El Rescate Legal Servs., 959 F.2d at 751; Diaz-Escobar, 782 F.2d at 1494.[1]
 
 
 12
 Other than his reference to the evidence allegedly possessed by the ILA, Tran does not challenge the BIA's denial of his request for a waiver of deportation. Rather, Tran raises errors allegedly committed by the IJ in denying such relief. Because our review is limited to the BIA's decision, Charlesworth v. INS, 966 F.2d 1323, 1325 (9th Cir.1992), we do not address any arguments regarding the IJ's decision.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tran's equal protection claim finds no support in the record. Tran's other claims, that the IJ denied witnesses the opportunity to speak and failed to accept or ignored documentary evidence and that the translation during his hearing was inadequate, are also not supported by the record