19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Minh Duc PHAM, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70726.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1994.*
Decided March 18, 1994.
 
 Before: HUG, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Minh Duc Pham appeals the decision of the Board of Immigration Appeals upholding the decision of the immigration judge that Pham is eligible for deportation as an aggravated felon and ineligible for withholding of deportation on the same basis. We affirm.
 
 
 3
 In support of this appeal, Pham makes two arguments. First he contends that the BIA erred in finding that the INS showed he was convicted of an aggravated felony. Pham does not dispute that he was convicted of unlawful delivery of cocaine to an Alaska state trooper. Instead, he argues that delivery of cocaine is not an aggravated felony under 8 U.S.C. Sec. 1101(a)(43).
 
 
 4
 Contrary to Pham's contention, delivery of a controlled substance is an aggravated felony for deportation purposes. Delivery is punishable as distribution under 21 U.S.C. Sec. 841(a)(2). Distribution, and therefore delivery, is a drug trafficking crime. 18 U.S.C. Sec. 924(c)(2). The term "aggravated felony" includes "any drug trafficking crime as defined in section 924(c)(2) of Title 18...." 8 U.S.C. Sec. 1101(a)(43). Therefore, delivery of cocaine is an aggravated felony as defined in 8 U.S.C. Sec. 1101(a)(43).
 
 
 5
 That Pham entered a plea of no contest in the Alaska state court does not help him in this regard. A plea of no contest is a conviction of the underlying charges for deportation purposes. Ruis-Rubio v. INS, 380 F.2d 29, 30 (9th Cir.), cert. denied, 389 U.S. 944 (1967).
 
 
 6
 Pham's related contention, that he could not prepare a defense because he was not given notice of the analogous federal crime, also lacks merit. Pham cites Matter of Barrett, Int.Dec. 3131 (BIA 1990), for the proposition that he was entitled to such notice. Barrett does not support this contention. Pham was fully apprised of the basis for his possible deportation in the Order to Show Cause. This is sufficient. Even though the Order to Show Cause did not inform Pham to what federal offense his conviction is analogous, he had ample notice of the reason for the deportation proceeding.
 
 
 7
 Pham's second argument, that under 8 U.S.C. Sec. 1253(h)(2)(B) an alien is ineligible for withholding of deportation only if the BIA specifically finds him to be a danger to the community, lacks merit. In Ramirez-Ramos v. INS, 814 F.2d 1394 (9th Cir.1987), we held that an alien convicted of a particularly serious crime is ineligible for withholding of deportation even without a separate finding that he poses a danger to the community. Id. at 1397. Under Ramirez-Ramos, an alien who commits a particularly serious crime is deemed a danger to the community. Id. The recent amendments to the immigration statutes define an aggravated felony as a particularly serious crime. They do not, however, alter the statutory language that compelled the result in Ramirez-Ramos, which remains controlling precedent on this issue. See also Urbina-Mauricio v. INS, 989 F.2d 1085, 1087 (9th Cir.1993).
 
 
 8
 The decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3