45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Wen LAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70627.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 16, 1994.
 
 Before: BOOCHEVER, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wen Lan ("Lan") petitions for review of an order of deportation entered by the Board of Immigration Appeals ("BIA") on July 7, 1993. Lan contends that the BIA erred in denying him withholding of deportation for having been convicted of a "particularly serious crime" under 8 U.S.C. Sec. 1253(h)(2)(B) without making a separate finding that he is a danger to the community. Section 1253(h)(2)(B) provides that any alien who, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States" is ineligible for withholding of deportation. Lan does not contest the BIA's finding that he was convicted of a particularly serious crime. Nor does he contest his deportability. Lan contends only that his conviction of a "particularly serious crime" cannot serve as the basis for withholding of deportation absent a separate determination that he poses a danger to the community. This contention has been rejected in the Ninth Circuit. In Ramirez-Ramos v. INS, 814 F.2d 1394, 1397 (9th Cir.1987) the court held that section 1253(h)(2)(B) does not require a separate determination of dangerousness. Instead, the BIA is required to make only "the factual finding of conviction of a particularly serious crime to support the determination of danger to the community." Id. See also Feroz, 22 F.3d at 227 (holding that the BIA did not err in concluding that alien was ineligible for withholding relief under section 1253(h)(2)(B) upon single determination that he had been convicted of a particularly serious crime); Urbina-Mauricio v. INS, 989 F.2d 1085, 1087 (9th Cir.1992) ("Once a court has determined that an alien has been convicted of a particularly serious crime, it need not make a separate finding that the alien constitutes a danger to the community; the latter follows naturally from the former"); Beltran-Zavala v. INS, 912 F.2d 1027, 1031 (9th Cir.1990) ("Under this provision it is the conviction that is in issue, not other acts that might render the alien dangerous to the community of the United States.")
 
 
 3
 The BIA properly concluded that Lan was ineligible for relief under section 1253(h)(2)(B) based upon the determination that he had been convicted of a particularly serious crime. The order of the BIA is therefore AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3