51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Ted GABOUREL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70313.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Ted Gabourel, a native and citizen of Belize, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") order refusing to continue his deportation hearing and failing to grant him a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 * Background
 
 
 4
 Gabourel has been a lawful and permanent resident of the United States since May 6, 1987. He is married to a citizen of Belize and they have three children, all of whom were born in the United States.
 
 
 5
 On September 24, 1991, Gabourel pleaded guilty and was convicted in the United States District Court for the Southern District of Texas of foreign transportation of a stolen motor vehicle in violation of 18 U.S.C. Secs. 2312 and 2. He was sentenced to thirteen months in prison and probation.
 
 
 6
 On July 29, 1992, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause ("OSC"), charging Gabourel with being a deportable alien pursuant to INA, Sec. 241(a)(2)(A)(i), 8 U.S.C. Sec. 1251(a)(2)(A)(i), based on his conviction of a crime involving moral turpitude.
 
 
 7
 Gabourel first appeared before the IJ on October 29, 1992, but, because he did not have an attorney, the hearing was continued until December 1, 1992. On December 1, 1992, Gabourel again appeared before the IJ without an attorney. The IJ continued the hearing until January 13, 1993, to give Gabourel one last opportunity to secure counsel. On January 13, 1993, Gabourel, now represented by counsel, requested another continuance in order for counsel to explore the possibility of setting aside Gabourel's criminal conviction. The IJ granted the request and continued the hearing until March 30, 1993. At the March 30, 1993 hearing, the IJ determined that Gabourel was deportable, but continued the case until June 17, 1993 to allow Gabourel's counsel further opportunity to have his conviction set aside. On June 17, 1993, the IJ granted another continuance until September 21, 1993. Finally, on September 21, 1993, the IJ granted a sixth continuance until October 12, 1993 to enable Gabourel's counsel determine the status of a collateral attack on his conviction.
 
 
 8
 On October 12, 1993, Gabourel requested yet another continuance. Gabourel asserted that his wife had just given birth and had developed complications from the delivery. The IJ denied the request and ordered Gabourel deported to Belize. Gabourel appealed to the BIA. The BIA affirmed the IJ's decision and dismissed Gabourel's appeal.
 
 II
 Standard of Review
 
 9
 The immigration judge may grant a continuance for "good cause." Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). "The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse." De La Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991).
 
 III
 Merits
 
 10
 Gabourel contends that the IJ abused his discretion when he failed to grant a seventh continuance of his hearing. In particular, Gabourel argues that because he was within five months of becoming eligible for relief under INA Sec. 212(c), 8 U.S.C. Sec. 1182(c), the IJ should have continued his hearing until he attained eligibility. This contention lacks merit. The fact that Gabourel may have become eligible for relief in the future did not constitute good cause. Cf. De La Cruz v. INS, 951 F.2d at 229 (holding no abuse of discretion where immigration judge denied continuance upon determination that alien was ineligible for voluntary departure since no purpose would have been served by granting continuance).
 
 
 11
 Gabourel also contends that his conviction is invalid. This contention lacks merit. Gabourel's deportation proceedings were continued for a year to allow him the opportunity to set aside his conviction. His attempt failed. He cannot collaterally attack his conviction during deportation proceedings. See Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 (9th Cir.1993). Also, his contention that he did not fully understand the immigration consequences of his guilty plea will not be considered by this court. See De La Cruz, 951 F.2d at 228.
 
 
 12
 To the extent that Gabourel contends that the IJ erred by not granting him relief under section 212(c), 8 U.S.C. Sec. 1182(a), this contention lacks merit. Gabourel failed to meet the statutory requirements for such relief. See e.g., Ayala-Chavez v. INS, 944 F.2d 638, 640 n. 2 (9th Cir.1991); Tapia-Acuna v. INS, 640 F.2d 223, 224 (9th Cir.1981).
 
 
 13
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3