52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Salomon BOGLE-MARTINEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70237.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Solomon Bogle-Martinez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") decision finding him deportable as charged and denying his applications for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158(a) and 1253(h). Bogle-Martinez contends that the BIA erred by finding he was convicted of a particularly serious crime which rendered him ineligible for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 We review de novo the BIA's determination that an offense is a particularly serious crime under 8 U.S.C. Sec. 1253(h)(2)(B), but defer to the INS's interpretation of that term in its regulations. Beltran-Zavala v. INS, 912 F.2d 1027, 1029 (9th Cir.1990).
 
 
 4
 An alien is ineligible for asylum and withholding of deportation if the alien, "having been convicted by a final judgment of a particularly serious crime in the United States, constitutes a danger to the community." 8 U.S.C. Sec. 1253(h)(2)(B) (1980); 8 C.F.R. Sec. 208.14(c)(1) (1990). "Once a court has determined that an alien has been convicted of a particularly serious crime, it need not make a separate finding that the alien constitutes a danger to the community; the latter follows naturally from the former." Urbina-Mauricio v. INS, 989 F.2d 1085, 1087 (9th Cir.1993) (citation omitted). We have approved the BIA's consideration of factors set forth in In re Frentescu, 18 I. & N. Dec. 244 (1982) for determining whether an alien has committed a particularly serious crime. See Mahini v. INS, 779 F.2d 1419, 1421 (9th Cir.1986). Under Frentescu, the BIA should consider the nature of the conviction, the type of sentence imposed, and the circumstances and facts underlying the conviction. See Frentescu, 18 I. & N. Dec. at 247.
 
 
 5
 Here, Bogle-Martinez was convicted on November 9, 1990, in California state court of two counts of unlawful sexual intercourse with a person under age 18 pursuant to Cal. Penal Code Sec. 261.5, and one count of lewd or lascivious acts with a child 14 or 15 years of age pursuant to Cal. Penal Code Sec. 288(c). The BIA found these to be particularly serious crimes. Contrary to Bogle-Martinez's contention, the BIA did not leap to the conclusion that Bogle-Martinez's crimes were particularly serious, but reached its conclusion after examining the relevant Frentescu factors. In particular, the BIA recognized that Bogle-Martinez's convictions were for crimes against a child, and "inherently contain an element of insidious coercion." The BIA also recognized that Bogle-Martinez's behavior occurred over a four-month period. The BIA further noted that as a result of his conviction, Bogle-Martinez was required to register as a sex offender with the sheriff of the county in which he resides.
 
 
 6
 The BIA's finding that Bogle-Martinez was ineligible for asylum and withholding of deportation because he had been convicted of particularly serious crimes is fully supported by the record. Accordingly, the BIA did not err by dismissing Bogle-Martinez's appeal. See Urbina-Mauricio, 989 F.2d at 1088.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3