56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Victor Manuel FIERRO-LEON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70152.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Auj-lgq-syv.
 BIA
 PETITION DENIED.
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Manuel Fierro-Leon, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") which (1) vacated the immigration judge's ("IJ") decision to terminate deportation proceedings against him, (2) found him ineligible for any form of relief from deportation, and (3) ordered him deported to Mexico.
 
 
 3
 In his petition to this court, Fierro-Leon contends that the BIA abused its discretion by ruling that: (1) the document the INS sought to introduce into evidence to establish his deportability was admissible; and (2) he was ineligible for voluntary departure. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 * Background
 
 
 5
 On September 24, 1987, Fierro-Leon entered the United States as a lawful permanent resident.
 
 
 6
 On April 26, 1991, the Immigration and Naturalization Service ("INS") issued Fierro-Leon an Order to Show Cause ("OSC"), charging him with being a deportable alien pursuant to 8 U.S.C. Sec. 1251(a)(1)(E)(i) for having knowingly encouraged, induced, assisted, abetted, or aided other aliens to enter or try to enter the United States in violation of law within five years of his own entry.
 
 
 7
 At a deportation hearing on July 1, 1992, the INS sought to introduce the "Record of Proceedings and Judgment" from the United States District Court for the Southern District of California in United States v. Fierro-Leon, No. 91-8267M. The judgment indicated that on April 8, 1991, Fierro-Leon pleaded guilty to one count of aiding and abetting an alien's illegal entry, in violation of 18 U.S.C. Sec. 2 and 8 U.S.C. Sec. 1325 (a misdemeanor), for which he received a sentence of two years' supervised release and a $2,000 fine.
 
 
 8
 The IJ found, however, that the photocopied judgment, which had been certified as a true copy by the clerk of the court, contained an original ink stamp, rather than a photocopy of an ink stamp, of the signature of the magistrate judge which, the IJ determined, called into question the authenticity of the copy. Accordingly, the IJ ruled that the judgment was not admissible.
 
 
 9
 Thereafter, Fierro-Leon testified that he: (1) entered the United States as a lawful permanent resident on September 24, 1987; and (2) was convicted of aiding and abetting the illegal entry of aliens in April 1991; but (3) denied the factual basis upon which the conviction rested.
 
 
 10
 At the conclusion of the hearing, the IJ determined that the INS had failed to meet its burden of proof to establish Fierro-Leon's deportability and, thus, terminated the proceedings.
 
 
 11
 On appeal, the BIA reversed the IJ's decision, holding that Fierro-Leon was deportable on the basis of the judgment document and Fierro-Leon's admissions.
 
 II
 Standard of Review
 
 12
 When the BIA has exercised its authority to conduct a de novo review of the IJ's decision, our review is limited to the BIA's decision. See Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir. 1994). Factual determinations underlying the BIA's order are reviewed under the "substantial evidence" standard. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Shirazi-Parsa 14 F.3d at 1427; Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992); 8 U.S.C. Sec. 1105a(a)(4). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. Abedini, 971 F.2d at 191.
 
 III
 Merits
 
 13
 A criminal conviction is final for purposes of immigration review if the alien has exhausted or waived direct appellate review. Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 (9th Cir. 1993). In addition, a conviction cannot be collaterally attacked in a deportation proceeding. Id.; Avila-Murrieta v. INS, 762 F.2d 733, 736 (9th Cir. 1985).
 
 
 14
 Here, Fierro-Leon admitted at his deportation hearing that he was convicted of aiding and abetting the illegal entry of aliens. Nothing in the record indicates that he appealed his conviction. Thus, the conviction is final for purposes of deportation. Urbina-Mauricio, 989 F.2d at 1089. Moreover, because Fierro-Leon admitted to the conviction, the admission of the actual record of conviction was not necessary. See, e.g., Ocon-Perez v. INS, 550 F.2d 1153, 1154 (9th Cir. 1977) (alien admitted to state court convictions which, having become final, provided an adequate basis for the order of deportation).
 
 
 15
 The conviction, moreover, establishes his deportability under 8 U.S.C. Sec. 1251(a)(1)(E)(i), and renders him statutorily ineligible for voluntary departure under 8 U.S.C. Secs. 1101(f)(3) and 1182(a)(6)(E)(i). Accordingly, the BIA's ruling that Fierro-Leon's deportability was established by evidence that was clear, convincing, and unequivocal, as required, see Woodby v. INS, 385 U.S. 276, 286 (1966), and that he was statutorily ineligible for any form of relief from deportation, including voluntary departure, was supported by substantial evidence in the record. See Elias-Zacarias, 502 U.S. at 481 (1992); Shirazi-Parsa, 14 F.3d at 1427; Abedini, 971 F.2d at 191; 8 U.S.C. Sec. 1105a(a)(4).
 
 
 16
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3