60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gonzalo Rosalio RIVAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70009.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Apn-sbx-isn.
 BIA
 PETITION DENIED.
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gonzalo Rosalio Rivas, a native and citizen of Nicaragua, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") decision finding him deportable as charged and denying his applications for discretionary relief from deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 Rivas contends that the IJ erred by denying his requests for discretionary relief from deportation, specifically, his requests for suspension of deportation, registry, and voluntary departure. This contention lacks merit.
 
 
 4
 Statutory eligibility for discretionary relief from deportation is arguably a purely legal question which is subject to de novo review. See Abedini v. INS, 971 F.2d 188, 190-91 (9th Cir. 1992). "We review factual findings underlying the IJ's decision under the 'substantial evidence standard."' Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir. 1988).
 
 
 5
 To be statutorily eligible for suspension of deportation, registry, and voluntary departure, an alien must prove, among other factors, that he possesses "good moral character." See 8 U.S.C. Sec. 1254(a)(1) (suspension); 8 U.S.C. Sec. 1259 (registry); 8 U.S.C. Sec. 1254(e) (voluntary departure). An alien may not be viewed as possessing good moral character if he is or was a person "who has given false testimony for the purposes of obtaining any [immigration] benefits; or if he has been "confined" as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more." 8 U.S.C. Secs. 1101(f)(6), (7).
 
 
 6
 Here, the IJ noted that Rivas had at least two and possibly three convictions for grand theft auto, a related conviction of taking a vehicle without the owner's consent and a conviction for driving under the influence. The IJ also noted that Rivas had been incarcerated since 1993 on his most recent auto theft conviction, and that his conflicting and inconsistent testimony about his criminal history undermined his credibility, and his assertion of good moral character.
 
 
 7
 Given these circumstances, there was substantial evidence supporting the IJ's denials of Rivas's applications for discretionary relief from deportation. See Rodriguez-Rivera, 848 F.2d at 1001.[1]
 
 
 8
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Rivas's contention that his deportation violates the double jeopardy clause lacks merit. See e.g., Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 n. 7 (9th Cir. 1993) (stating that because deportation is a civil action, not a criminal punishment, double jeopardy does not apply)