76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Avo Minas JOLFA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70424.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 9, 1996.
 
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Avo Minas Jolfa, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's decision finding him deportable (as charged) for having been convicted of a controlled substance violation (8 U.S.C. § 1251(a)(2)(B)(i)) and an aggravated felony (8 U.S.C. § 1251(a)(2)(A)(iii)) and finding his application for withholding of deportation barred by 8 U.S.C. § 1253(h)(2)(B). We have jurisdiction, 8 U.S.C. § 1105a, and we deny the petition for review.
 
 
 3
 * Jolfa contests the BIA's conclusion that, since Jolfa has been convicted of a particularly serious crime, his application for withholding of deportation is barred by 8 U.S.C. § 1253(h)(2)(B). Jolfa argues that such a determination violates his due process right to a full and fair deportation hearing because there was not a separate determination that Jolfa posed a danger to the community. This argument fails because no separate determination is required.
 
 
 4
 Section 1253(h)(2)(B) provides that a deportable alien is not entitled to a withholding of deportation if "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." 8 U.S.C. § 1253(h)(2)(B). In 1990, Congress enacted The Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 4978 (1990) (IMMACT), which amended § 1253(h)(2) to include the following: "For purposes of subparagraph (B), an alien who has been convicted of an aggravated felony shall be considered to have committed a particularly serious crime." 8 U.S.C. § 1253(h)(2). Jolfa concedes that he has been convicted of an aggravated felony.
 
 
 5
 This court has long held that "the factual finding of conviction of a particularly serious crime ... support[s] the determination of danger to the community"; no independent determination of danger to the community is required. Ramirez-Ramos v. INS, 814 F.2d 1394, 1397 (9th Cir.1987). The enactment of IMMACT, and its designation of aggravated felonies as per se particularly serious crimes, does nothing to change this fact. As this court explained in response to a post-IMMACT challenge, "[w]hether section 1253(h)(2)(B) requires separate determinations that an alien has been convicted of a particular serious crime and constitutes a danger to the community is a question that has been answered in this circuit." Feroz v. INS, 22 F.3d 225, 227 (9th Cir.1994); see also Urbina-Mauricio v. INS, 989 F.2d 1085, 1088 (9th Cir.1993).[1]
 
 
 6
 We decline Jolfa's invitation to revisit the question of congressional intent. "[W]hen Congress is aware of an agency's interpretation of a statute and takes no action to correct it while amending other portions of the statute, it may be inferred that the agency's interpretation is consistent with congressional intent." Barrera-Echavarria v. Rison, 44 F.3d 1441, 1444-45 (9th Cir.) (en banc) (citations omitted), cert. denied, 116 S.Ct. 479 (1995); see also Matter of K-, Int.Dec. 3163 (BIA Nov. 5, 1991) (concluding that the fact that IMMACT left the wording of § 1253(h)(2)(B) intact indicates tacit approval of the agency's prior interpretation of that section).
 
 
 7
 Jolfa received a full and fair opportunity to contest the factual determination that he has been convicted of an aggravated felony; due process requires no more.
 
 II
 
 8
 Jolfa contends that his deportation constitutes cruel and unusual punishment because he may be tortured or killed upon his return to Iran. This argument fails because deportation is not cruel and unusual punishment in violation of the Eighth Amendment, "even though the penalty may be severe." LeTourneur v. INS, 538 F.2d 1368, 1370 (9th Cir.1976), cert. denied, 429 U.S. 1044 (1977); see also Hernandez-Rivera v. INS, 630 F.2d 1352, 1356 (9th Cir.1980).[2]
 
 III
 
 9
 Jolfa contends that his deportation constitutes double jeopardy because he will be punished again for the felonies he committed here upon his return to Iran. This argument fails because deportation is not a criminal punishment and so the double jeopardy clause is inapplicable. LeTourneur, 538 F.2d at 1370.
 
 IV
 
 10
 Finally, Jolfa contends that 8 U.S.C. § 1253(h)(2)(B) conflicts with Article 33 of the United Nations Convention Relating to the Status of Refugees, 189 U.N.T.S. 150 (July 28, 1951), which protects refugees from expulsion when it would cause their life or liberty to be threatened, but which also provides that its benefits may not be claimed by a refugee "who, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of that country."
 
 
 11
 Jolfa's argument fails because "we are bound by a properly enacted statute, even if that statute violates international law." Alvarez-Mendez v. Stock, 941 F.2d 956, 963 (9th Cir.1991), cert. denied, 113 S.Ct. 127 (1992). In any event, we see no conflict between Article 33 and § 1253(h)(2)(B), which are virtually identical in wording. Jolfa directs our attention to Article 1F(b) of the U.N. Convention, which provides that a person who "has committed a serious non-political crime outside the country of refuge prior to his admission to that country as a refugee" is not entitled to any protection under the U.N. Convention. Jolfa would have us read Article 1F(b) to mean that Article 33 denies protection only to a refugee who commits a particularly serious crime prior to his admission into the country. Such an interpretation strains credulity. Article 1F(b) creates an initial requirement; a refugee is entitled to the protections of the U.N. Convention only if he did not commit a serious non-political crime prior to entering the country of refuge. Once a refugee meets that requirement, he will nonetheless be denied the protection of Article 33 if, having been convicted by a final judgment of a particularly serious crime, he constitutes a danger to the community. Jolfa's deportation does not offend the U.N. Convention.
 
 
 12
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jolfa's reliance on Beltran-Zavala v. INS, 912 F.2d 1027 (9th Cir.1990), is unavailing since IMMACT effectively overruled it. Urbina-Mauricio, 989 F.2d at 1088
 
 
 [2]
 Jolfa's attempt to analogize to the panel decision in Barrera-Echavarria v. Rison, 21 F.3d 314 (9th Cir.1994), vacated, 44 F.3d 1441 (9th Cir.1995), which indicated that prolonged detention pending deportation could violate the Eighth Amendment, is misplaced in light of the subsequent en banc decision to the contrary. See Barrera-Echavarria, 44 F.3d at 1448-50