**Ashlesh Kumar DEO, Petitioner,**

**v.**

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 07–71820.**

United States Court of Appeals, Ninth Circuit.

Oct. 1, 2007.\*\*

Filed Oct. 10, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Robbin K. Blaya, Esq., San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, BERZON and IKUTA, Circuit Judges.

MEMORANDUM \*\*\*

Ashlesh Kumar Deo petitions for review of the Board of Immigration Appeals'

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order denying his second and untimely motion to reopen removal proceedings.

The regulations provide that "a party may file only one motion to reopen" and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *See* 8 C.F.R. § 1003.2(c)(2). Petitioner's motion to reopen contended that his motion to reopen was not untimely under the changed country conditions exception of 8 C.F.R. § 1003.2(c)(3)(ii) and that he had been falsely accused of domestic abuse. However, the changed country conditions exception to the 90-day requirement for submitting motions to reopen is not applicable to petitioner because he failed to submit any evidence regarding a material change in the treatment of Hindu persons. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution."). Additionally, petitioner is prohibited from collaterally attacking the propriety of his state court domestic abuse convictions in immigration proceedings. *See Urbina–Mauricio v. INS*, 989 F.2d 1085, 1089 (9th Cir.1993). Therefore, the BIA did not abuse its discretion in ruling that the motion to reopen time and number limits still applied and that petitioner's motion to reopen was barred under both. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**