**Andres Rosas VILLAGOMEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–74219.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2008.*

Filed March 18, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Guadalupe O. Martinez, Law Office of Alma Rosa Nieto, Los Angeles, CA, for Petitioner.

Nehal H. Kamani, Aviva L. Poczter, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: T.G. NELSON, TASHIMA and BYBEE, Circuit Judges.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM \*\*

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings and/or motion to reconsider.

We review the BIA's denials of motions to reopen or to reconsider for abuse of discretion. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005).

▮ The regulations provide that "[a] motion to reopen shall state the new facts that will be proven at a hearing...." *See* 8 C.F.R. § 1003.2(c)(1). Petitioner's motion to reopen failed to identify new facts and instead stated that petitioner was attempting to overturn his state criminal conviction. Petitioner is prohibited from collaterally attacking the propriety of his state court conviction in immigration proceedings. *See Urbina–Mauricio v. INS,* 989 F.2d 1085, 1089 (9th Cir.1993). Therefore, the BIA did not abuse its discretion in denying petitioner's motion to reopen. *See Lara–Torres,* 383 F.3d at 972.

▮ The BIA also found that, to the extent that petitioner sought reconsideration of the BIA's June 22, 2007 decision, petitioner's motion was time-barred. The regulations provide that "[a] motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board's decision." *See* 8 C.F.R. § 1003.2(b)(2). Petitioner's motion was filed on August 21, 2007, 60 days after the BIA's June 22, 2007 decision. Therefore, the BIA also did not abuse its discretion in declining to entertain petitioner's untimely motion to reconsider. *See Lara–Torres,* 383 F.3d at 972.

ed by 9th Cir. R. 36–3.

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.