FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR PEREZ-GUZMAN, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-73731 Agency No. A047-721-744 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2013[**]
Pasadena, California

Before: BENAVIDES,[***] BYBEE, and NGUYEN, Circuit Judges.

Salvador Perez-Guzman ("Perez-Guzman") petitions for review of the final

order of removal entered against him by the Board of Immigration Appeals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

("BIA"). The BIA held that Perez-Guzman is statutorily ineligible for cancellation of removal because he cannot establish that he has resided in the United States continuously for 7 years after having been admitted to the United States. *See* 8 U.S.C. § 1229b(a)(2). This is because his prior controlled substance conviction triggered the "stop-time" rule. *Id.* § 1229b(d)(1)(B). The "stop-time" rule provides that an alien's commission of certain offenses, which include controlled substance offenses, stops the clock on an alien's continuous residence. *Id.*

Perez-Guzman contends that the BIA erred by ruling that his prior conviction for being under the influence of methamphetamine rendered him statutorily ineligible for cancellation of removal under the "stop-time" rule because his prior conviction is not an aggravated felony. This argument is predicated on the faulty premise that the BIA found that he was ineligible for cancellation of removal because it found that his prior conviction was an aggravated felony. Instead, the BIA held that he was ineligible for cancellation of removal because his commission of a controlled substance offense triggered the "stop-time" rule.

The "stop-time" rule set forth in 8 U.S.C. § 1229b(d)(1)(B) provides that "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible to the United

2

States under section 1182(a)(2) of this title or removable from the United States under section 1227(a)(2) . . . ." *E.g.*, *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1162 (9th Cir. 2009). We have expressly rejected the contention that a conviction for being under the influence of methamphetamine, a controlled substance, does not render an alien deportable. *Flores-Arellano v. INS*, 5 F.3d 360, 362-63 (9th Cir. 1993). It is undisputed that Perez-Guzman has a conviction for being under the influence of methamphetamine. Accordingly, under our precedent, Perez-Guzman's conviction renders him deportable under 8 U.S.C. § 1227(a)(2)(B) and inadmissible under § 1182(a)(2)(A)(i)(II). Thus, his commission of the offense triggered the "stop-time" rule in May 2007. Because Perez-Guzman's continuous residency ended prior to September 25, 2007, he failed to achieve the required 7 years, rendering him ineligible for cancellation of removal. 8 U.S.C. § 1229b(a)(2). The BIA correctly held that he was ineligible for cancellation of removal.

Perez-Guzman also contends that he received ineffective assistance of counsel in his underlying criminal case. The Government correctly asserts that because Perez-Guzman failed to exhaust this claim before the BIA, we are barred from reaching the merits because we lack subject matter jurisdiction. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Thus, we are barred from

3

considering the merits of Perez-Guzman's ineffective assistance of counsel claim. Regardless, even if Perez-Guzman had exhausted this claim, we have held that a criminal "conviction cannot be collaterally attacked in a deportation proceeding." *Urbina-Mauricio v. INS*, 989 F.2d 1085, 1089 (9th Cir. 1993). Therefore, Perez-Guzman is precluded from raising a claim of ineffective assistance of counsel in a collateral attack on his criminal conviction, even if he had exhausted this claim before the BIA.

PETITION DENIED.