**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN A. GUERRA AQUINO, | No. 14-73757 |
| Petitioner, | Agency No. A092-543-446 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Joaquin A. Guerra Aquino, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Guerra Aquino's impermissible collateral attack upon his underlying 2008 Nevada conviction. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2010) (holding that petitioner could not collaterally attack his state court conviction on a petition for review of a BIA decision).

Guerra Aquino's contention that the agency has prosecuted him a second time for the same offense and he has received multiple punishments for the same offense is without merit. Because removal is a civil action, not criminal punishment, it does not constitute double jeopardy because it is not a second punishment for a single crime. *See Urbina-Mauricio v. INS*, 989 F.2d 1085, 1089 n.7 (9th Cir. 1993).

Guerra Aquino does not raise in his opening brief, and therefore has waived, any challenge to the agency's dispositive determinations regarding removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I), his failure to establish a CAT claim, and his ineligibility for asylum, withholding of removal and other forms of relief. *See Rizk*

2                                                                                          14-73757

*v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**