**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **JING GUO JIN,** | No.   13-71659 |
| Petitioner, | Agency No. A087-957-079 |
| v. | |
| **JEFFERSON B. SESSIONS III, Attorney General,** | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 23, 2017
Honolulu, Hawaii

Before:    **KOZINSKI**, **HAWKINS** and **BEA**, Circuit Judges.

1.  The agency properly concluded that Jin was removable under 8 U.S.C. §

1182(a)(7)(A)(i)(I).  On November 28, 2009, when the Consolidated Natural

Resources Act of 2008 took effect, Jin became an applicant for admission into the

United States by the operation of law.  See 8 U.S.C. § 1225(a) ("An alien present

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

in the United States who has not been admitted or who arrives in the United States . . . shall be deemed . . . an applicant for admission."); <u>Minto</u> v. <u>Sessions</u>, No. 12-74027, slip op. at 9–10 (9th Cir. Apr. 17, 2017).  Because Jin lacked any "valid entry document" at that time or at any other point in time since, Jin was and is inadmissible.  8 U.S.C. § 1182(a)(7)(A)(i)(I).

Along with his opening brief Jin has submitted a document that purports to be a valid entry document.  But we cannot consider this evidence because it was never presented to the agency in the first instance.  8 U.S.C. § 1252(b)(4)(A); <u>see</u> <u>Fisher</u> v. <u>INS</u>, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (holding that the court is "statutorily prevented from taking judicial notice of" a piece of evidence that petitioner did not submit to the Board of Immigration Appeals).  Even if we could consider the evidence, the document on its face suggests that it is a conditional umbrella permit, and Jin hasn't pointed to anything in the record that establishes that he has fulfilled the conditions.  Oral Arg. at 10:58–12:54.

Nor does the agency's alleged reliance on the Certification of Illegal Status warrant granting the petition.  Nothing in the Immigration Judge's decisions or the Board of Immigration Appeals's dismissal indicate that they relied on the certification.  In fact, the record reveals that the Immigration Judge never received this evidence.

**2.** The agency didn't violate Jin's due process right by failing to address his challenge to removability under 8 U.S.C. § 1182(a)(6)(A)(i). The agency didn't need to address this charge because Jin was removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

**3.** Because the agency didn't address Jin's removability under § 1182(a)(6)(A)(i), we cannot consider whether he would have qualified for an exception under 48 U.S.C. § 1806(e)(1)(A), which by its plain language applies only to "lawfully present" aliens who are "in violation of" § 1182(a)(6)(A)(i). See also Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010) (holding that our review is limited to the "actual grounds relied upon by the [agency]" (citation omitted)).

**DENIED.**