**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QUAN BIN JIN,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No. 13-70415

Agency No. A087-957-040

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2018**
Honolulu, Hawaii

Before: WARDLAW, BERZON, and BENNETT, Circuit Judges.

Quan Bin Jin petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal from an Immigration Judge's (IJ) order finding him removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We agree with the BIA that Jin is removable under § 1182(a)(7)(A)(i)(I). Jin offers several arguments for why he is not, but *Minto v. Sessions*, 854 F.3d 619, 623–26 (9th Cir. 2017) squarely forecloses those arguments.

We reject Jin's remaining arguments. First, Jin argues that the IJ and BIA erred in assigning the burden of proof to him, rather than to the government. Because he is an imputed applicant for admission, however, Jin indeed bears the burden of proof. *See id.* at 624–25 (quoting 8 U.S.C. §§ 1229a(c)(2)(A)–(B)).

Second, Jin argues that the single-member BIA decision violated his due process rights because some issues presented by his case were novel and thus inappropriate for streamlining. The BIA reviewed Jin's appeal before *Minto* was decided, and so these issues may have been novel at the time. But even assuming streamlining was inappropriate when it occurred, remand would be futile in light of *Minto*, which now forecloses Jin's arguments. *See* 854 F.3d at 623–26.

Finally, because our review is limited to the grounds upon which the BIA relied, we decline to reach the issue of whether Jin is removable under 8 U.S.C. § 1182(a)(6)(A)(i).[1] *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).

**DENIED.**

---

[1] Neither the IJ nor the BIA reached this issue. We nonetheless note—as the BIA did—that the administrative record is "devoid" of any evidence that Jin was lawfully present in the Commonwealth of the Northern Mariana Islands on November 28, 2009 for purposes of Jin's removability under 8 U.S.C. § 1182(a)(6)(A)(i). *See* 48 U.S.C. § 1806(a)(1)(A).