NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XU HUANG, AKA Huang Xu,<br><br>        Petitioner,<br><br>  v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>        Respondent. | No.   13-72918<br><br>Agency No. A200-574-858<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 10, 2018
University of Hawaii Manoa

Before: WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Xu Huang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' (BIA) dismissal of his appeal from an Immigration Judge's

(IJ) decision finding him removable under 8 U.S.C. § 1152(a)(7)(A)(i)(I). We

have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings for

substantial evidence, *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1093 (9th Cir.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

2002), and review de novo questions of law. *Id.* We grant the petition for review, and enter a limited remand in light of our decision in *Minto v. Sessions*, 854 F. 3d 619 (9th Cir. 2017), *cert denied*, 138 S. Ct. 1261 (2018).

The Department of Homeland Security issued the Notice to Appear (NTA) to Huang on January 18, 2011, during the two-year transition period that began on November 28, 2009, the date when U.S. immigration laws took effect in the Commonwealth of the Northern Mariana Islands (CNMI). *See Mtoched v. Lynch*, 786 F.3d 1210, 1212 (9th Cir. 2015) ("[M]ost of the United States immigration laws, including the INA, were extended to CNMI via legislation codified as 48 U.S.C. § 1806, contained within the Consolidated Natural Resources Act of 2008 ('CNRA'), Pub. L. 110–229, 122 Stat. 754, effective on November 28, 2009."). During this period, the CNMI issued to some immigrants "umbrella permits" permitting them to lawfully remain in the CNMI. It is unclear from this record whether Huang properly held such a permit at the time the NTA issued. We leave it to the BIA to determine in the first instance whether Huang held such a permit and, if so, whether the permit should have prevented the initiation of removal proceedings, either by legal operation of the permit or according to legal practice at that time. We note that the Respondent has taken somewhat indistinct positions before this court in various cases on these questions.

In other words, to the extent the CNMI issued such permits after the U.S.

2

immigration laws took effect, the BIA should determine the lawful status or protection from removal such permits extended to non-citizens. *Minto* did not address this question, as Minto himself had no umbrella permit and, unlike Huang, did not claim possession of a valid umbrella permit before his placement in removal proceedings. 854 F.3d at 622–23. Moreover, the issuance of Minto's NTA followed on the heels of the CNMI Director of Immigration's decision to revoke his CNMI entry permit based on his wife's marriage fraud conviction. *Id.* at 622.

Finally, because the government did not assert on appeal that Huang's counsel's concession as to removability rendered Huang removable as charged, the BIA should clarify, absent any such concession, the grounds for Huang's removal order.

**PETITION FOR REVIEW GRANTED**; **REMANDED in part**.

Each party shall bear its own costs for this petition for review.

3