NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUZVIMINDA LOLA ERWIN, AKA Luzviminda Dolang Lola,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>Respondent. | No.  14-72325<br><br>Agency No. A200-160-164<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2018[**]
University of Hawaii Manoa

Before:  WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Luzviminda Erwin, a native and citizen of the Philippines, petitions for

review of a Board of Immigration Appeals ("BIA") order affirming the

Immigration Judge's ("IJ") order finding her removable under 8 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1182(a)(7)(A)(i)(I).

1. The BIA did not err in affirming the IJ's finding that Erwin was removable. Erwin raises three arguments to challenge her removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I): (1) she was lawfully admitted to the United States as a matter of law because she entered the Commonwealth of the Northern Mariana Islands ("CNMI") before the passage of the Consolidated Natural Resources Act; (2) because she was lawfully admitted, she is removable only under 8 U.S.C. § 1227 (deportability statute) and not 8 U.S.C. § 1182(a) (inadmissibility statute); and (3) she is not an applicant for admission within the meaning of the Immigration and Nationality Act. Our decision in *Minto v. Sessions*, 854 F.3d 619, 623–26 (9th Cir. 2017), squarely forecloses these arguments, and she is therefore removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

2. Erwin's remaining arguments likewise fail. Erwin contends that the BIA erred in permitting a single panel member to review and dismiss her appeal in a summary disposition. Under our precedent, the BIA errs in permitting single-member review when an appeal: (1) raises novel legal questions that are not directly controlled by BIA or Ninth Circuit precedent; or (2) contains substantial factual and legal questions that are applicable to a large number of noncitizens. *See Chen v. Ashcroft*, 378 F.3d 1081, 1086 (9th Cir. 2004). At the time of her appeal to the BIA, Erwin's legal question concerning the applicability of 8 U.S.C. §

1182(a)(7)(A)(i)(I) to the CNMI may have been novel. But even assuming the BIA erred in not reviewing her appeal with a full panel, remand is now unwarranted. Remand would be futile because the issue is no longer one of first impression, as this court set clear precedent in *Minto*.

3. Erwin additionally claims that the BIA erroneously ignored three arguments on appeal: (1) her Notice to Appear ("NTA") was deficient and did not provide adequate notice; (2) the Department of Homeland Security ("DHS"), the IJ, and the BIA deprived her of due process of law by not recognizing her vested right to live and work in the CNMI indefinitely as a spouse of a citizen of the Federated States of Micronesia; and (3) the government improperly initiated removal proceedings after denying her parole.

A claim is unexhausted if a noncitizen fails to raise the issue to the IJ or BIA. We lack jurisdiction to review an unexhausted claim. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). All of Erwin's additional claims are unexhausted: (1) she failed to argue to the IJ that her NTA was deficient; (2) she did not argue to the IJ that, as a spouse of a citizen of the Federated States of Micronesia, she had a vested right to live and work indefinitely in the CNMI, as her only argument based on her marriage centered on erroneously being denied parole; and (3) Erwin's counsel stated an intent to argue that removal proceedings were initiated erroneously after her parole denial, but did

3

not submit any briefing on the issue nor raise the issue when the IJ provided him an opportunity to present orally the arguments he failed to brief. Because these claims are unexhausted, the BIA properly did not review them, and we lack jurisdiction to review them on appeal.

4. Erwin argues that the IJ and the BIA have jurisdiction to review DHS parole decisions and grant parole-in-place relief under 8 U.S.C. § 1182(d)(5)(A). The authority to grant this discretionary form of relief is vested solely in the Attorney General, who has, in turn, delegated that authority to certain DHS officials. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006); 8 C.F.R. § 212.5(a). The IJ and BIA do not have parole authority, and the BIA therefore properly affirmed the IJ's finding that it lacked jurisdiction.

5. Finally, Erwin argues that the BIA erred in affirming the IJ's denial of her counsel's continuance to complete briefing. We review a denial of a request for a continuance for an abuse of discretion. *An Na Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012). The BIA abuses its discretion "when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief." *Id*. (citation omitted). The BIA considered counsel's most compelling reason for a continuance—that he had an unexpectedly heavy workload and could not complete briefing. It nonetheless concluded that counsel had not offered any satisfactory explanation for failing to seek an extension before the hearing and that

4

Erwin could not demonstrate prejudice because the IJ lacked parole authority. Because the BIA considered the relevant factors and stated its reasons for affirming, it did not abuse its discretion.

**DENIED.**