**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOHAMMAD BASHAR,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 14-74049

Agency No. A200-574-870

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2019**
Honolulu, Hawaii

Before: TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Mohammad Bashar petitions for review of the determination by the Board of

Immigration Appeals (BIA) that he is removable under 8 U.S.C.

§ 1182(a)(2)(A)(i)(I), because he committed a crime involving moral turpitude

(CIMT). We deny the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1.    The BIA properly concluded that Bashar's conviction for marriage fraud, N. Mar. I. Code § 4366(a), was a categorical CIMT.  *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 908–11 (9th Cir. 2009) (en banc) (explaining the standard of review for evaluating whether a conviction is categorically a CIMT).  A conviction under section 4366(a) requires that a person knowingly enter into a marriage (1) "for the sole purpose of obtaining a [labor or immigration] benefit" or (2) "for the purpose of evading [a law]."  Both of these provisions are equivalent to an "intent to defraud."  *See Winestock v. INS*, 576 F.2d 234, 235 (9th Cir. 1978) (holding a crime with an element of "intent to defraud" is a CIMT).  The term "purpose" is equivalent to "intent."  *See Purpose*, American Heritage College Dictionary (3d ed. 1997).  We have also held that, "to be inherently fraudulent," and thus a CIMT, "a crime must involve [a] knowingly false representation to gain something of value."  *Tijani v. Holder*, 628 F.3d 1071, 1075 (9th Cir. 2010) (citation omitted).  Both labor and immigration benefits have tangible value.  *See Linares-Gonzalez v. Lynch*, 823 F.3d 508, 515–16 (9th Cir. 2016) (holding that the "something of value" must be "tangible" rather than "intangible" value).  Further, "intent to evade" is equivalent to "intent to defraud."  *Carty v. Ashcroft*, 395 F.3d 1081,

2

1084–85 (9th Cir. 2005). Therefore, because both provisions of section 4366(a) are CIMTs, we agree with the BIA that Bashar is removable.[1]

2. The BIA did not err in concluding that Bashar was convicted of marriage fraud, even though he pleaded nolo contendere to the charge. An alien is inadmissible if he or she has a conviction for "a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime." 8 U.S.C. § 1182(a)(2)(A)(i)(I). A plea of "nolo contendere" is a "conviction" as long as the judge entered "some form of punishment." 8 U.S.C. § 1101(a)(48)(A). Here, Bashar entered a nolo contendere plea, and he was sentenced to one year of imprisonment. Accordingly, Bashar was convicted of a CIMT. *See Reyes v. Lynch*, 834 F.3d 1104, 1107 (9th Cir. 2016).

3. The BIA did not err in concluding that Bashar's conviction was final for immigration purposes. We have long held that "[a] criminal conviction is final for the purposes of immigration review if the alien has exhausted or waived direct appellate review." *Urbina-Mauricio v. INS*, 989 F.2d 1085, 1089 (9th Cir. 1993).

---

[1] Because both provisions qualify as CIMTs, it is not relevant whether Bashar entered into the fraudulent marriage to obtain a benefit or to evade laws; either way, his conviction is a CIMT. Hence, it is also not relevant whether the statute is divisible, because whether the above outlined parts are elements or means, a conviction under section 4366(a) is categorically a CIMT.

The availability of other potential post-conviction relief does not alter the finality of a conviction. *Id.* Thus, there was no error.

4. The BIA correctly concluded that Bashar was properly charged as an inadmissible alien, 8 U.S.C. § 1182, rather than a deportable alien, 8 U.S.C. § 1227. Bashar did not present any evidence that he was "admitted" into the United States. *See* 8 U.S.C. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."). Neither Bashar's mere presence in the Commonwealth of the Northern Mariana Islands nor any pre-2009 legal status under the Commonwealth's previous immigration laws mean he was admitted and therefore not removable. *See id.*; 48 U.S.C. § 1806(e)(1)(A) (providing that even aliens lawfully present in the 12 Northern Mariana Islands will be subject to removal by 2011); *see also Minto v. Sessions*, 854 F.3d 619, 621–24 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1261 (2018).

**PETITION FOR REVIEW DENIED.**