**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LIQIANG GU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    13-72936

Agency No. A087-957-069

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued October 10, 2018
Submission Deferred October 10, 2018
Submitted June 6, 2019
University of Hawaii Manoa, Honolulu, Hawaii

Before: WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Liqiang Gu (Gu) petitions for review of a decision from the Board of

Immigration Appeals (BIA) affirming the denial of his motion to terminate

removal proceedings, and his applications for withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the decision of the Immigration Judge (IJ) when, as here, the BIA affirms the IJ's decision without issuing a separate opinion. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003), *as amended.*[1]

**1.** The IJ did not err in concluding that Gu was removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I), which provides for inadmissibility if the individual seeking admission "(1) is an immigrant (2) who at the time of application for admission (3) lacks a valid entry document." *Minto v. Sessions*, 854 F.3d 619, 624 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1261 (2018) (internal quotation marks omitted). Gu never possessed a valid entry document. In particular, he was not issued an "umbrella permit," which might permit his continued presence in the Commonwealth of the Northern Mariana Islands (the CNMI).[2]

Gu's contention that 8 U.S.C. § 1182(a)(7)(A)(i)(I) contravenes congressional intent is foreclosed by *Minto. See* 854 F.3d at 625 (explaining that

---

[1]  Resolution of Gu's appeal by a single member of the BIA was permissible. *See Falcon Carriche,* 350 F.3d at 852.

[2]  Prior to the effective date of the Consolidated and Natural Resources Act of 2008, which applied United States immigration laws to the CNMI, a Superior Court Judge in the CNMI issued an order granting two-year "umbrella permits" to allow immigrants with pending labor petitions to pursue their cases.

removability under § 1182(a)(7)(A)(i)(I) is not contrary to Congress's intent "to offer limited protection from removal" under 48 U.S.C. § 1806(e)(1)(A)).

**2.** We are not persuaded by Gu's argument that excluding noncitizens from eligibility for asylum violates his equal protection rights. The government has articulated an economic interest in protecting visa-free tourism to the CNMI and demonstrated how permitting noncitizens to apply for asylum may undermine the CNMI tourist industry. Consequently, the asylum exclusion is not "wholly irrational" and so does not violate Gu's equal protection rights. *Ledezma-Cosino v. Sessions*, 857 F.3d 1042, 1048 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 643 (2018) (citation omitted). Gu's asylum claim, tethered to his equal protection claim, is foreclosed.

**3.** The evidence of record does not compel a conclusion that it was more likley than not that Gu will be persecuted on account of his Christian faith if removed. *See Alvarez-Cerriteno v. Sessions*, 899 F.3d 774, 778 (9th Cir. 2018) (articulating standard). Gu was not arrested, threatened, or physically harmed, and he presented no evidence that the government would be interested in taking such action against him in the future. *Cf. Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1073 (9th Cir. 2017) (recognizing that petitioner suffered past persecution when he was subjected to "brutal beatings and rapes"). Gu does not challenge the BIA's

denial of CAT relief and has thereby waived that issue. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (deeming issues waived that were not raised in the opening brief). Substantial evidence therefore supports the denial of withholding of removal and CAT relief. *See Bringas-Rodriguez*, 850 F.3d at 1059 (reviewing for substantial evidence).

**4.** The IJ correctly determined that she lacked jurisdiction to grant parole-in-place. The Department of Homeland Security has exclusive authority to grant such relief. *See Matter of Castillo-Padilla*, 25 I & N Dec. 257, 261 (BIA 2010).

**PETITION DENIED**.