**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 4 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MUSSIE GEBREWELDI,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-71009

Agency No. A215-816-451

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2021
Seattle, Washington

Before:  HAWKINS and CALLAHAN, Circuit Judges, and FITZWATER,[**] District Judge.

Mussie Gebreweldi, a native and citizen of Eritrea, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing an appeal of an immigration judge's denial of Gebreweldi's motion to reopen his removal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition for review.

Gebreweldi contends for the first time that, as an alien seeking entry into the United States for the purpose of applying for asylum, he is not inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as charged. Generally, we lack jurisdiction over legal claims not presented in the administrative proceedings below. *Alvarado v. Holder*, 759 F.3d 1121, 1127 (9th Cir. 2014). Although he concedes that he failed to raise this challenge before the IJ or BIA either in his original removal proceedings or in his motion to reopen, Gebreweldi argues that he is exempt from the normal exhaustion requirement because exhaustion would have been futile. *See id.* at 1129 (explaining that exhaustion is not required "if the BIA—bound by our prior precedent—would be precluded from granting relief"). Contrary to Gebreweldi's contention, our decision in *Minto v. Sessions*, 854 F.3d 619 (9th Cir. 2017), *overruled by Torres v. Barr*, 976 F.3d 918 (9th Cir. 2020) (en banc), did not address the specific issue he now raises or "entirely foreclose[] [the issue] such that the agency [could not] give it unencumbered consideration." *Alvarado*, 759 F.3d at 1128. Accordingly, we lack jurisdiction to consider Gebreweldi's challenge to his inadmissibility charge. *See id.* at 1127.

Gebreweldi next contends that the BIA erred in its conclusion that he failed to demonstrate changed country conditions to support his motion to reopen. The

BIA did not abuse its discretion. *See Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). The BIA reasonably concluded that the evidence submitted in support of Gebreweldi's motion indicated that the conditions in Eritrea were largely unchanged and that Gebreweldi failed to demonstrate that he was similarly situated to the individuals discussed in the reports and articles. *See Najmabadi v. Holder*, 597 F.3d 983, 989–90 (9th Cir. 2010).

The BIA also did not err by declining to address Gebreweldi's challenge to the adverse credibility determination that the IJ rendered in connection with Gebreweldi's applications for relief from removal. Gebreweldi did not challenge the adverse credibility determination by way of a direct appeal of the IJ's denial of his applications for relief from removal, nor did he challenge it in his motion to reopen. Instead, he raised this challenge for the first time in his appeal of the IJ's denial of his motion to reopen, and the BIA acted within its discretion by declining to address the merits of the argument. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019).

Gebreweldi's corrected motion to stay removal [Docket Entry #15] is denied as moot.

**PETITION DISMISSED, in part; DENIED, in part.**